UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JASON T. MYERS,                      )
                                     )
            Petitioner,              )
    vs.                              )   No. 1:13-cv-01393-JMS-DKL
                                     )
WENDY KNIGHT,                        )
                                     )
            Respondent.              )

**Entry and Order Dismissing Action**

**I.**

This is an action in which Jason Myers, a state prisoner, seeks a writ of habeas corpus. Having considered the pleadings and the expanded record, and being duly advised, the court finds that Myers' petition for writ of habeas corpus must be denied. This conclusion rests on the following facts and circumstances:

1.      The proceeding Myers challenges is identified as No. CIC 13-06-0040. Myers was found guilty in that proceeding of violating prison rules through his unauthorized use/ possession of an electronic device.

2.      The sanctions imposed for the specified offense included the deprivation of a period of earned credit time.

3.      Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Myers.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent

> with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

    4.    The evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), is this: During the afternoon of June 5, 2013, Myers was using a prison computer to prepare an administrative notice pursuant to the Indiana Tort Claims Act. This contravened the computer use policy of the prison. That policy limited use of the prison computers to be used only to conduct legal research and to prepare legal documents for filing in the courts.

    5.    Under *Wolff* and *Hill,* Myers received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Myers was given the opportunity to appear before the hearing and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed. Myers' contentions otherwise are unpersuasive:

> a.    Myers first contends that he was denied an impartial decisionmaker. He supports this contention by invoking the supposed the merits of his other claims, but this leaves the first claim entirely unsupported. *Wolff,* 418 U.S. at 571 (explaining that a conduct board (or hearing officer) that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process); *Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D.Tenn. 1995) ("Plaintiff has no right protecting him from being

charged with a disciplinary offense . . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation.").

    b.    Myers' remaining claims are a clustered challenge to the way in which the prison's computer use policy was applied to him. There is no dispute concerning the accuracy of the conduct report in describing Myers' behavior. He offers a defense to that behavior grounded in his understanding of his constitutional right to meaningful access to the courts. The defense misses the mark, however, for nothing in the Constitution requires prisons to provide inmates access to computers, whether for court filings or otherwise.

    6.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Myers to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 12/02/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JASON T. MYERS   154417
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel